**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 18, 2026.**

**MICHAEL M. PARKER**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **JANICE LYNNE HALLAS,** | § | **CASE NO. 25-50457-MMP** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 7** |

**OPINION**

On July 7, 2026, the Court held a hearing on its *Order to Appear and Show Cause* (ECF No. 120) and *Order Denying Motion for Failure to Prosecute, Resetting Hearing, and to Show Cause* (ECF No. 188) (collectively, "**Show Cause Orders**"). Under the Show Cause Orders, Kevin Terrazas, Scotty G. Arbuckle III, and Charles B. Verdict ("**Attorneys**") carried the burden at the hearing to show cause why the Court should not hold them in contempt for violating the Court's *Order on Relief from Stay* (ECF No. 88) ("**Lift Stay Order**"). The attorneys, however, failed to carry their burden to show cause why the Court should not sanction them for failing to appear at a March 24, 2026 hearing as ordered (*see* ECF Nos. 120, 175). The attorneys did persuade the Court that the sanction levied should be limited.

The Court does not find that the Attorneys violated the Lift Stay Order. Nonetheless, the Court sanctions the Attorneys $500 each under the *Order* (ECF No. 188) for failing to appear when so ordered.

## I. Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the Western District of Texas dated October 4, 2013. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. § 1408. This *Opinion* serves as this Court's findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure 7052 and 9014.

## II. Background

When Janice Lynne Hallas ("**Debtor**") filed her bankruptcy petition on March 7, 2025, she was a party in a pending state-court divorce case: Cause No. C2020-0951D, 433rd District Court, Comal County, Texas ("**Divorce Case**"). In that proceeding, Judge Charles Stephens II, the presiding judge, entered a letter ruling on January 6, 2025, ("**Letter Ruling**") but had not yet reduced his ruling to a final, appealable order. In his Letter Ruling, Judge Stephens awarded the real property located at 1420 Pam's Path, New Braunfels, Texas, ("**Property**") to the Debtor and directed that the parties' attorney's fees would come from the property's sale: $62,000.00 to Mr. Hallas's attorney, Charles Verdict, and $16,000.00 to the Debtor's attorney, Markes Kirkwood. Judge Stephens also ruled that Mr. Verdict would receive a judgment against the Debtor for his attorney's fees.

Before the Letter Ruling could be reduced to a final order, the Debtor filed her bankruptcy petition, which triggered an automatic stay related to property in which she owned any interest, including community property of the divorce estate. 11 U.S.C. § 362(a).[1]

The Court entered the Lift Stay Order on July 8, 2025, to conditionally allow the Divorce Case to proceed and to allow Judge Stephens to determine a just and right division of assets and debts and enter a final divorce decree. In the Lift Stay Order, the Court noted that the stay was *not* lifted to allow or cause any of the Debtor's creditors to receive a better relative position than they had on the petition date under § 507. ECF No. 88 at 2. With the Letter Ruling in mind, the Court specifically highlighted that the Debtor's prepetition attorney's-fees creditors—Mr. Verdict and Mr. Kirkwood—had only unsecured claims, if any, for attorney's fees against the Debtor at the petition date because they lacked perfected security interests in any community property, notwithstanding the language of the Letter Ruling. *Id.* at 3. The Court did so to ensure their unsecured claims against the Debtor, to the extent they had any, would remain unsecured—as to the Debtor—upon entry of the final divorce decree. In short, as relevant here, the Lift Stay Order allowed the state court to make a just and right division of the community property, including the imposition of liens against such property as long as the liens were for the benefit of only the Debtor or Mr. Hallas (the parties to the divorce decree) and not for the benefit of Mr. Verdict, Mr. Kirkwood, or any other unsecured creditors. *Id.* at 5.

Judge Stephens entered a final decree of divorce ("**Final Decree**") on October 29, 2025. *See* ECF No. 115-1. The Final Decree awarded the Property to the Debtor and gave Mr. Hallas an owelty-of-partition lien against the Property for $139,700.58. *Id.* at 24, 28–29. It also gave judgment liens to Mr. Verdict and Mr. Terrazas (Mr. Hallas's bankruptcy attorney) *against Mr.*

[1] All statutory references are to Title 11 of the U.S. Code unless otherwise noted.

*Hallas*[2]—$103,209.58 and $36,491.00, respectively, *see id.* at 30—totaling the same amount ($139,700) as the owelty-of-partition lien award to Mr. Hallas against the Property.

The Chapter 7 Trustee filed an *Objection to the Final Decree of Divorce* (ECF No. 111) on November 18, 2025. The Trustee objected to the Final Decree's creation of Mr. Hallas's owelty-of-partition lien. ECF No. 111 at 4. The Trustee noted that the amount of Mr. Hallas's lien was the same as the amount of the judgment liens against Mr. Hallas for attorney's fees he owed Mr. Verdict and Mr. Terrazas. *Id.* at 6. The Trustee argued that the Final Decree violated the Lift Stay Order by creating a lien that was de facto in favor of Mr. Verdict, which would improve the relative position of Mr. Verdict's unsecured claims *against the Debtor* and allow the claims to be treated better than the claims of other unsecured creditors. *Id.* at 4.

After reviewing the Trustee's objections, the Court entered its *Order* (ECF No. 120) on November 21, 2025. The Court determined that the attorneys *may have* violated the Lift Stay Order and ordered them to appear before the Court on December 16, 2025, to show cause why the Court should not hold them in contempt.

The Attorneys repeatedly filed requests for continuance of the show-cause hearing: ECF No. 130 (granted at ECF No. 135); ECF No. 143 (granted at ECF No. 144); ECF No. 160 (granted at ECF No. 161); ECF No. 186 (filed one day before the hearing and denied at ECF No. 188). The Court held the show-cause hearing on March 24, 2026, at which the Attorneys failed to appear. The Court reset the show-cause hearing and further ordered the Attorneys to appear and show cause why the Court should not sanction them for failing to appear on March 24. *See* ECF No. 188.

---

[2] This changed from the Letter Ruling. Rather than a judgment on the fees against *the Debtor*, as in the Letter Ruling, the Final Decree gave Mr. Verdict a judgment on his fees against *Mr. Hallas*.

The Attorneys filed another request for continuance at ECF No. 192 (granted at ECF No. 193). The Court held the show-cause hearing on July 7, 2026, at which the Attorneys finally appeared.

After reviewing the docket, the evidence, and the testimony from the parties, the Court does not find that the Attorneys violated the Lift Stay Order. Nonetheless, the Court finds that the Attorneys failed to show cause why the Court should not sanction them for failing to appear at the March 24 hearing. Accordingly, the Court has determined it is appropriate to sanction the Attorneys $500 each for their violations of the Court's *Order* (ECF No. 120, as modified by ECF No. 175).

## III. DISCUSSION

### A. Lift Stay Order: The Court does not find that the Attorneys violated the Lift Stay Order.

The Court does not find that the Attorneys violated the Lift Stay Order. The *Order* (ECF No. 120) contemplated that the Attorneys may have violated the Lift Stay Order by advocating to the state court to better the relative position of Mr. Verdict's unsecured claim against the Debtor, as well as creating a de facto secured claim for Mr. Terrazas and his firm, through Mr. Hallas's owelty lien for the exact amount of fees due the Attorneys.

The Attorneys did not violate the Lift Stay Order because they are not creditors of the Debtor. The Lift Stay Order emphasized that the bankruptcy code prohibits a debtor's creditors from bettering their relative position after the petition date, ECF No. 88, at 2; *see generally* § 507, and explicitly stated that any equitable lien on the Debtor's property could not be for the benefit of attorneys with unsecured claims against the Debtor or other unsecured creditors. ECF No. 88, at 5. While the Court now notes that the owelty-of-partition lien against the Property matches exactly the attorney's fees due Mr. Verdict and Mr. Terrazas, neither Mr. Verdict nor Mr. Terrazas are creditors of the Debtor; their judgment liens for attorney's fees are against Mr. Hallas, not the

Debtor. Furthermore, the Attorneys have not filed a claim in the Debtor's bankruptcy case and do not meet the definition of a creditor under § 101(10).

With respect to whether the Attorneys circumvented the text of the Lift Stay Order by persuading Judge Stephens to burden the Debtor's property with an equitable lien, thereby arguably creating for themselves de facto secured claims against the Debtor's estate property, the Court does not find sufficient evidence that the Attorneys violated the Lift Stay Order. The state court is empowered to make a just and right division of the assets and debts of the community estate, TEX. FAM. CODE § 7.001, and the Lift Stay Order was designed to allow Judge Stephens to do just that. To the extent the state court presiding over a divorce case exercises its discretion to award attorney's fees, it also must best determine how to divide the attorney's fees in the divorce case as debts of the community estate. *Sheen v. Sheen*, No. 03-18-00358-CV, 2019 Tex. App. LEXIS 5174, at *14 (Tex. App.—Austin June 21, 2019, no pet.) (mem. op.) (citing *Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.—Fort Worth 2010, pet. denied)). There is not sufficient evidence to show the Attorneys advocated a result any different than Judge Stephens otherwise would have ordered for the division of debts due for attorney's fees in the divorce case, and therefore insufficient evidence that they intended to circumvent the Lift Stay Order.

The Court will not second guess Judge Stephens's division of the community estate; the Court issued the Lift Stay Order to allow Judge Stephens to make a division and enter a final decree of divorce. It is common practice for bankruptcy courts to lift the stay so that state courts may divide the community estate and divorce proceedings may proceed to final judgment. *Barnes v. Barnes (In re Barnes)*, No. 03-10337-RLJ-13, 2007 WL 9711446, at *6 (N.D. Tex. May 17, 2007). Texas courts have broad discretion to make a just and right division of the parties' community estate. TEX. FAM. CODE § 7.001.

While it is this Court's job to prevent creditors of a bankrupt debtor from improving their respective positions post-petition, the Court substantially fulfilled this duty by articulating in its Lift Stay Order the parameters by which Judge Stephens could conduct a just and right division of community property. The Court will not pull back the curtain and look into Judge Stephens's just and right division of property to determine whether it falls within his wide discretion. Doing so is not in the interest of comity or efficiency.

The Court therefore finds insufficient evidence that the Attorneys violated the Court's Lift Stay Order. The Court will issue a separate order overruling the Trustee's *Objection to the Final Decree of Divorce* (ECF No. 111).

**B. The Attorneys' violation of the Court's *Order to Appear and Show Cause* (ECF Nos. 120, 175).**

The Court has determined it is appropriate to sanction the Attorneys for violating the Court's *Order to Appear and Show Cause* (ECF Nos. 120, 175).

The Court ordered the Attorneys to appear at a hearing on March 24, 2026. ECF Nos. 120, 175. The Attorneys filed a motion to continue on March 20, 2026, which was dismissed for lack of compliance with local rules. *See* ECF Nos. 184, 185. They filed another motion to continue on March 23, one day before the hearing. *See* ECF No. 186. The Court did not grant the March 23 motion before the hearing, and the Attorneys did not appear at the hearing to prosecute their motion, so the Court denied it for failure to prosecute. *See* ECF No. 188. Their failure to appear at the hearing was also in direct violation of the Court's order for them to appear. *See* ECF Nos. 120, 175. The Court therefore ordered them to appear, again, for their violation of the earlier order to appear. *See* ECF No. 188.

The Attorneys finally appeared on both Show Cause Orders on July 7, 2026. The Court finds the Attorneys failed to show why they should not be sanctioned for their nonappearance on

March 24. At the hearing, Mr. Terrazas briefly addressed the issue by stating he was to blame for their nonappearance but provided no other argument or evidence. Considering Mr. Terrazas's admission of fault and the paucity of argument or evidence provided, the Court finds that the Attorneys violated the *Order* (ECF No. 120), as amended by ECF No. 175. The Court will sanction the Attorneys $500 each for their violations.

## IV. CONCLUSION

The Court does not find that the Attorneys violated the Court's Lift Stay Order (ECF No. 88). The Court finds that the Attorneys violated the Court's *Order* (ECF No. 120), as amended by ECF No. 175, by failing to appear at the March 24, 2026 hearing.

The Court will separately enter an order implementing these rulings, overruling the Trustee's *Objection* (ECF No. 111), and sanctioning the Attorneys $500 each.

# # #